IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 105

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN ROSSLYN NEWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Motion to Withdraw (Doc. 25) filed by defense counsel Ted Besen. A text order allowing the Motion was entered on June 24, 2020. This Order follows and provides further details regarding the Court's decision.

I. Relevant Procedural Background

Information regarding the prior procedural history of this matter appears in the Court's Order (Doc. 20) filed on June 2, 2020 ("June 2 Order") and is not repeated here.

On June 10, 2020, Defendant filed an unopposed motion to continue his trial, which is scheduled for the term beginning on June 29, 2020. The Hon. Martin Reidinger, Chief District Judge, extended Defendant's deadline to file a plea agreement to June 19, 2020 and denied Defendant's motion to continue the trial without prejudice. (Doc. 23).

On June 22, 2020, Defendant filed a *pro se* motion to continue (Doc. 24), in which he indicates that he intends to hire counsel and renews his request for a trial continuance.

The instant Motion to Withdraw was filed by Mr. Besen, also on June 22, 2020.

A hearing was conducted on the Motion to Withdraw on June 24, 2020. Assistant United States Attorney Richard Edwards appeared for the Government and Mr. Besen appeared with Defendant.

## II. The Hearing

At the beginning of the hearing, Mr. Besen made a brief opening statement.

The Government advised that it takes no position with regard to the Motion to Withdraw but notes that there does not appear to be any evidence of bad faith or an improper intent to delay trial.

Thereafter, and at the request of defense counsel, the courtroom and the record were sealed. The undersigned then heard further from Mr. Besen and Defendant, after which the courtroom was reopened and the record was unsealed.[1]

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

2

### III. Discussion

As an initial point, Defendant's *pro se* Motion to Continue indicates that Defendant and his family are attempting to secure retained counsel. The Government pointed out, however, that some of the attorneys referenced by Defendant are North Carolina state prosecutors.

Defendant likewise indicated during the hearing that he is seeking retained counsel. However, no such attorney has made an appearance in this matter. Should retained counsel appear, Defendant's entitlement to appointed counsel may be revisited. Until that time, the undersigned will presume that representation by appointed counsel is required and therefore that the Motion to Withdraw is active and not moot.

As with the prior Motion to Withdraw, in considering the instant Motion, the Court has taken into account the following factors: 1) the timeliness of the Motion; 2) the reasons given by defense counsel and Defendant as to why Mr. Besen's representation of Defendant should not continue; and 3) whether the conflict between Defendant and Mr. Besen is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

### A. Timeliness

As noted, Defendant's plea deadline was extended to June 19, 2020. No plea agreement, however, has been filed.

Defendant's prior motion to continue was denied without prejudice and his trial remains scheduled for the term beginning June 29, 2020. However, defense counsel advised that the parties have been notified that another case will begin on June 29, 2020 and that Defendant's case is likely to begin on approximately July 6, 2020.

The Motion to Withdraw was filed on Monday, June 22, 2020, two weeks prior to the beginning of trial (assuming trial begins on July 6) and following a contentious three-hour meeting between counsel and Defendant on Friday, June 19, 2020.

This factor is neutral or slightly favors denial of the Motion to Withdraw.

### B. Basis for the Motion

The undersigned heard at length from both Defendant and Mr. Besen regarding their current disagreements. That information indicates that Defendant and Mr. Besen have widely diverging views about how a number of aspects of the case can and should be handled. The details of these arguments are not stated here but appear in the record of the sealed portion of the proceeding.

Differing views of Mr. Besen's work in the case was one of the topics of disagreement identified in connection with the prior Motion to Withdraw.[2] Additional items in this category were referenced during the recent hearing.

Information regarding new topics of disagreement that have arisen since the prior hearing was also discussed. For example, Defendant advised that on Monday, June 22, 2020, he filed a "bar complaint" against defense counsel.[3] In addition, and significantly, defense counsel advised of certain ethical concerns that have arisen.

After further reflection of the more complete record, and after review of additional authorities including relevant portions of the North Carolina Rules of Professional Conduct, the undersigned concludes that this factor weighs in favor of allowing the Motion to Withdraw.

---

[2] At that time, the disagreements between Defendant and Mr. Besen were rooted in three main issues: 1) Mr. Besen's previous service as a law enforcement officer, 2) an alleged conflict relating to one of Mr. Besen's former clients, and 3) Defendant's contention that Mr. Besen had failed to conduct certain procedures or obtain certain information that Defendant had requested.

[3] This material was not available to the undersigned at the time of the hearing but now appears on the docket as Docs. 26, 26-1, 26-2, and 26-3. This information does not appear to be a complaint that Defendant has filed with the North Carolina State Bar but rather a letter Defendant has addressed to the North Carolina Bar Association, which has been copied to the presiding District Judge and the Clerk's office.

### C. Extent of the Breakdown in Communication

As the record indicates, Defendant and Mr. Besen have experienced communication troubles in the past. The undersigned was not convinced previously, and is not convinced now, that these difficulties stem from a lack of communication. To the contrary, during the hearing, Mr. Besen stated that he has spoken with Defendant by phone on numerous occasions and has met with him multiple times in person, the last time being on Friday, June 19, 2020 during a meeting that lasted approximately three hours.

When ruling on the prior Motion to Withdraw, the undersigned found that communication between Defendant and Mr. Besen had not broken down to a level that supported a change of counsel.

It would appear, however, that since the June 2 Order was entered, the relationship between Defendant and defense counsel has continued to deteriorate. Defendant states that the two of them "can't even talk" and Mr. Besen advises that Defendant has made increasingly derogatory comments and that there has been a total breakdown in communication between them. This breakdown, Mr. Besen believes, is such that requiring him to continue in the case would be counterproductive and could even constitute the ineffective assistance of counsel. In short, to the extent Defendant and Mr. Besen agree on anything, it is that communication between them has broken down entirely.

6

As stated in the June 2 Order, the Fourth Circuit has explained that it has been "concerned not with the indigent defendant's freedom of choice or with whether the attorney and his client have a 'meaningful relationship,' . . . but with a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (internal quotations and citations omitted).

In this case, there seems to be no question that communication has broken down completely. At the same time, this breakdown may, in significant measure, be the result of Defendant's own conduct and demands. See United States v. Muslim, 944 F.3d 154, 166–67 (4th Cir. 2019)(citation omitted) ("It is clear there was a conflict between [counsel] and Defendant. However, Defendant's conduct was a major causative factor."); United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995)("The district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict."); see also United States v. Smith, 640 F.3d 580, 591 (4th Cir. 2011) ("Even if a breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem.").

7

Nonetheless, the breakdown of communication appears to be so complete that the undersigned concludes that the third factor moderately favors allowing the Motion to Withdraw.

In sum, having previously considered and denied a similar motion, the undersigned is loath to allow what, in some ways, appears to be a second bite at the apple. However, the additional information that has now been provided regarding the depths of the disagreements between Defendant and Mr. Besen has convinced the undersigned that their ability to engage in effective communication has collapsed to such a degree that it appears unlikely an adequate defense could be rendered.

Accordingly, the Motion to Withdraw (Doc. 25) is **GRANTED**, Mr. Besen is **WITHDRAWN** as counsel for Defendant, and the Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

It is so ordered.

Signed: June 25, 2020

W. Carleton Metcalf
United States Magistrate Judge