IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 105

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARREN ROSSLYN NEWELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's (Continued) Request for Hearing. Doc. 42.

I. Background

On July 25, 2020, Defendant filed three separate motions to suppress. Docs. 30, 31, 32. The motion appearing as Document 30 seeks the suppression of evidence obtained by the Government pursuant to an August 23, 2018 warrant ("Motion 30"). The motion appearing as Document 31 seeks the suppression of evidence obtained by the Government pursuant to a July 24, 2019 warrant ("Motion 31"). The motion appearing as Document 32 seeks the suppression of evidence obtained by the Government following a July 24, 2019 search of Defendant's car ("Motion 32").

On August 4, 2020, the undersigned directed the Government to file responses to the Motions by August 14, 2020.

On August 14, 2020, the Government filed a unified response to all three Motions. Doc. 35.

On August 17, 2020, the Government filed a supplemental response with respect to Motion 31, which consisted of an affidavit from the state Superior Court Judge who issued the warrant at issue in that motion. Doc. 37.

On August 31, 2020, as it did not appear that Defendant had requested a hearing on any of the motions, the undersigned directed Defendant to file a notice stating whether he sought a hearing on any of the motions and, if so, to set forth the basis for each request and an estimate of the length of time such a hearing would take.

On September 3, 2020, Defendant filed a Request for Hearing which stated that Defendant "agrees with the government that the motions to suppress evidence derived from the executions of search warrants may be decided by examining the search warrants and the attached affidavits alleging probable cause." Doc. 39, p. 1. That is, Defendant did not seek a hearing on Motions 30 and 31. Defendant did, however, seek a hearing with respect to Motion 32. Id. In support of that request, the Request stated that "there are disputed issues of fact regarding the circumstances of the search." Id.

The next day, the undersigned entered a text order granting Defendant's request for hearing on Motion 32.

On September 10, 2020, the Government filed an Opposition to Defendant's Request for Evidentiary Hearing. Doc. 40. In that filing, the Government asked the Court to reconsider its text Order setting a hearing and to resolve Motion 32 on the written filings. Further, the Government stated that it "does not contest the facts as alleged by the defendant in his motion to suppress, and therefore there are no disputed questions of fact as to which this Court must make findings in order to rule on the defendant's motion." Doc. 40 at 2.

On September 15, 2020, the Court held a telephonic hearing with counsel for the parties to discuss the need for an evidentiary hearing on Motion 32 considering the Government's representation that it does not contest the facts alleged by Defendant in Motion 32. Defense counsel represented that he would be meeting with Defendant the following day, September 16, 2020, and that he would discuss the issue with Defendant, including a possible stipulation of facts relative to Motion 32. In order to allow defense counsel time to consult with Defendant and with the Government regarding possible factual stipulations, and further to allow the Government time to confer with its potential witnesses if a hearing would be held, the Court canceled the September 21, 2020 hearing on Motion 32 and indicated the issue of a hearing would to be addressed further following receipt of Defendant's supplemental filing.

On September 18, 2020, Defendant filed his (Continued) Request for Hearing. Doc. 42. In that document, Defendant renews his request for a hearing on Motion 32 and explains:

> After consultation with Mr. Newell, counsel for Mr. Newell cannot concede all of the facts which the government argues were conceded by pleadings written by counsel for Mr. Newell without prior consultation with Mr. Newell. Counsel for Mr. Newell, aware of his obligation to raise only good-faith factual disputes, continues to believe that the facts surrounding the July 24, 2019, warrantless search of Mr. Newell's car provide sufficient support for the alleged unconstitutionality of the search. Therefore, Mr. Newell renews his request for a hearing on his motion.

Doc. 42, p. 1.

## II. Discussion

"[A]n evidentiary hearing is not always required to resolve a motion to suppress." United States v. Griffin, 811 Fed. Appx. 815, 816 (4th Cir. 2020) (per curium) (citing Fed. R. Crim. P. 12(c)). "When material facts that affect the resolution of a motion to suppress evidence seized during a warrantless search are in conflict, the appropriate way to resolve the conflict is by holding an evidentiary hearing after which the district court will be in a position to make findings." United States v. Taylor, 13 F.3d 786, 789 (4th Cir. 1994).

A district court's decision "whether to hold an evidentiary hearing before ruling on a motion to suppress is reviewed for an abuse of discretion." Griffin,

811 Fed. Appx. At 816 (citing United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013)). "In this regard, a hearing is required only if the motion to suppress is 'sufficiently definite, specific, detailed, and non-conjectural' to enable a district court to conclude that contested issues of fact going to the validity of the search are in question." Id. (quoting United States v. Unimex, Inc., 991 F.2d 546, 551 (9th Cir. 1993) (internal quotation marks omitted)). Under this standard, the Fourth Circuit has found no abuse of discretion in a district court's decision to rule on a motion to suppress without first conducting an evidentiary hearing where, although defendant asserted contested issues existed, the issues raised by defendant "were either immaterial to the court's suppression decision or were not 'contested' at all." Id. at 816-17.

"The defendant bears the burden of identifying the disputed issue and demonstrating materiality." United States v. Shah, No. 5:13-cr-328-FL, 2015 WL 72118, at * 18 (E.D.N.C. Jan. 6, 2015).

Here, Defendant has not identified disputed material facts specifically. Rather, Defendant's original Request simply stated that "there are disputed issues of fact regarding the circumstances of the search," and Defendant's Continued Request states that "counsel for Mr. Newell cannot concede all of the facts which the government argues were conceded by pleadings written by counsel for Mr. Newell without prior consultation with Mr. Newell." Doc. 39, p. 1; Doc. 42, p. 1.

Nonetheless, considering the subject matter of Motion 32 and the current state of the record, the Court concludes, in its discretion, that a hearing would aid in the consideration of Motion 32.

Accordingly, the Government's request, as contained in its Opposition to Defendant's Request for Evidentiary Hearing, (Doc. 40) that the Court issue a memorandum and recommendation without a hearing is **DENIED** and the Clerk is respectfully directed to schedule a hearing on Motion 32 promptly.

It is so ordered.

Signed: September 24, 2020

W. Carleton Metcalf
United States Magistrate Judge