THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00105-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) )  Plaintiff, ) ) vs. ) ) ) WARREN ROSSLYN NEWELL, ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the Court on the Defendant's Motions to Suppress [Docs. 30, 31]; the Magistrate Judge's Memorandum and Recommendation [Doc. 55], recommending that these motions be denied; and the Defendant's Objections to the Recommendation of the Magistrate Judge [Doc. 57].

## I. PROCEDURAL HISTORY

On October 1, 2019, the Defendant was charged with two counts of Possession of Methamphetamine, a Controlled Substance, with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1].[1] On July 25, 2020,

---

[1] A Superseding Bill of Indictment was filed on October 6, 2020, which added an additional count of Possession with the Intent to Distribute. [Doc. 45]. The Superseding Indictment does not affect the pending Motions to Suppress. [Doc. 55 at 1 n.1].

the Defendant filed three Motions to Suppress. [Docs. 30, 31, 32]. The Motion docketed as Document 30 ("Motion 30") seeks the suppression of evidence obtained following a search of the Defendant's home on August 23, 2018, pursuant to a search warrant (the "August 2018 Warrant"). [Doc. 30]. The Motion docketed as Document 31 ("Motion 31") seeks suppression of evidence obtained following a search of the Defendant's home on July 24, 2019, pursuant to a search warrant (the "July 2019 Warrant"). [Doc. 31].[2] The Government filed a unified response to all three motions on August 14, 2020. [Doc. 35]. The Defendant did not seek a hearing on Motions 30 and 31 and the Magistrate Judge concluded that a hearing was not required.

On November 12, 2020, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued a Memorandum and Recommendation on Motions 30 and 31, recommending that these motions be denied. [Doc. 55]. The Defendant timely filed Objections to the Recommendation on November 30, 2020 [Doc. 57] ("Objections to Recommendation"), to which the Government responded on December 11, 2020 [Doc. 59]. The Defendant's Motions 30 and 31 and Objections to Recommendation are now ripe for the Court's consideration.

---

[2] The Magistrate Judge issued a separate Memorandum and Recommendation regarding the third motion ("Motion 32"), and the Court will issue a separate Order regarding that Motion.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation. Fed. R. Crim. P. 59(b)(1). The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. OBJECTIONS TO PROPOSED FINDINGS OF FACT

The detailed factual background of this case is straightforward and is set forth in the Memorandum and Recommendation. Therefore, it will not be reproduced here. The Defendant makes no objection to the factual background as recited by the Magistrate Judge relating to the August 2018 Warrant, and those proposed findings are hereby adopted and incorporated herein.

With respect to the proposed findings regarding the July 2019 Warrant, the Defendant objects to the Magistrate Judge's proposed finding that both Detective Hurn, the officer who applied for the search warrant, and Judge Knight, the judicial officer who issued the search warrant, signed and dated the warrant numerous times with an erroneous date (July 23, 2019). The Defendant argues that the date on the face of the warrant should be taken at face value, and that the warrant application's recitation of the events surrounding the July 24, 2019 traffic stop of the Defendant demonstrates either that the warrant "was blank when presented" or that the detective "included facts which he predicted that the investigation would uncover." [Doc. 31 at 1].

In response, the Government submitted an affidavit by Judge Knight, the state Superior Court Judge who signed the July 2019 Warrant. In this

affidavit, Judge Knight attests that while he has no specific recollection of the warrant in this case, he always follows the same procedure with respect to the issuance of a search warrant, and that he has "never issued a search warrant that did not provide any facts upon which [he] could make a determination of probable cause." [Doc. 37-1 at 2]. He also states that he has never issued a warrant that was blank and could be completed at a later time and noted that in this case the date that the warrant was received was July 24, 2019. [Id.]. Judge Knight explains that he has "discovered that [he] ha[s] signed an order or other document and dated [his] signature incorrectly" and that after reviewing the search warrant in this case he is confident that [he] incorrectly dated [his] signature on this search warrant '7-23-19'" and that he concludes that he actually "signed and issued this search warrant on July 24, 2019." [Id.].

Noting that the Defendant did not contest Judge Knight's affidavit and did not request a hearing on the suppression motion, the Magistrate Judge in his Memorandum and Recommendation found that "Judge Knight's affidavit sufficiently addresses the discrepancy in dates raised by Defendant." [Doc. 55 at 22].

In objecting to this proposed finding, the Defendant makes a convoluted argument that accepting the Magistrate Judge's proposed factual

findings would create a "'working for the government' exception" in which someone who works for the government could "sign a document, file it in a governmental office, and then a year later claim that since he or she does not remember signing the document, it must have happened on a different date." [Doc. 57 at 10]. The Defendant contends that giving government officials this "benefit of the doubt" regarding their dating of an official document—when a "citizen-subject" would get no such benefit—undermines public confidence in government. [Id.].

Each page of the warrant application at issue is dated July 23, 2019, and initialed by both the attesting officer and by the reviewing judicial officer. The date of issue for the warrant likewise shows as July 23, 2019.[3] The application, however, recounts details of events that undisputedly occurred between 1:55 p.m. and 3:00 p.m. on July 24, 2019, as corroborated by the dashcam video provided by the Government.

The Defendant argues that the Court *must* accept that the warrant was issued on the date listed (July 23), and therefore the inclusion in the warrant application of the details of the July 24, 2019 traffic stop would dictate either that (1) Detective Hurn was remarkably clairvoyant and was able to predict the precise details of a future traffic stop, *or* (2) the last two pages of the

---

[3] Detective Hurn listed the date that the warrant was received, however, as July 24, 2019.

6

application were intentionally left blank when it was presented to the judicial officer. The Court declines to find that law enforcement officers are psychic mediums; therefore it is left to contend with the latter proposition posed by the Defendant, i.e., that the warrant application was intentionally left blank and was nonetheless issued, with the judge separately signing and verifying these two blank pages. This would require the Court to find — solely on the basis of a simple date discrepancy — that Detective Hurn committed an obstruction of justice in seeking the warrant and that Judge Knight engaged in gross judicial misconduct in issuing it. Such a theory not only fails the test of Occam's razor[4] but defies common sense. The Defendant's argument—that what is clearly a (repeated) scrivener's error[5] necessarily implies gross misconduct by a judge and a law enforcement officer—is without merit.

---

[4] Occam's razor is the well-known philosophical principle that "in explaining anything no more assumptions should be made than are necessary." *Occam's razor, n.*, Oxford English Dictionary Online, https://www.oed.com/view/Entry/234636?redirected (last visited Jan. 27, 2021).

[5] The ability to explain a mistake by affidavit is not reserved only for "citizen-rulers" as insinuated by the Defendant—it is a common practice to include explanations of mistakes in affidavits to the courts and for the courts to credit these affidavits. See, e.g., Warren v. Tri Tech Labs., Inc., 993 F. Supp. 2d 609, 620 n.7 (W.D. Va. 2014) (crediting a citizen's "affidavit, that [an incorrect] date reflects a simple drafting mistake"); Balt. Scrap Corp. v. David J. Joseph Co., 81 F. Supp. 2d 602, 607, 607 n.12 (D. Md. 2000) (discussing a "clerical error" that is explained by an affidavit); see also Columbia Venture LLC v. FEMA (In re Bees), 562 F.3d 284, 288 (4th Cir. 2009) (finding that the "district court itself quite reasonably concluded that the declaration contained a clerical mistake rather than a deliberate attempt to mislead" when the district court relied on an explanation provided during a hearing); United States v. Gary, 528 F.3d 324, 328 (4th Cir. 2008) (finding that

The Magistrate Judge's proposed factual findings accurately summarize the date discrepancies in the application and warrant as well as the explanation provided by Judge Knight for those discrepancies. Upon careful examination of the record, the Court finds that the Magistrate Judge's findings of fact in this regard are correct and deserving of adoption by this Court. The Defendant's objections, therefore, are overruled, and the Magistrate Judge's findings are adopted and incorporated herein.

## IV. OBJECTIONS TO CONCLUSIONS OF LAW

The Defendant makes one objection to the Magistrate Judge's legal conclusions. He argues that the Magistrate Judge erred in concluding that there was probable cause to support the August 2018 Warrant. Specifically, the Defendant asserts that the Magistrate Judge improperly relied on <u>United State v. Bynum</u>, 293 F.3d 192 (4th Cir. 2002), in applying the good faith exception to the probable cause requirement. [Doc. 57 at 1].

The Fourth Amendment requires that search warrants be supported by probable cause and describe with particularity "the place to be searched" and "the persons or things to be seized." U.S. Const. amend. IV. A search warrant must "describe the things to be seized with sufficient particularity to

---

an "unintended typographical error" regarding the date of a search in an affidavit was "inadvertent, and at best could be chalked up to negligence in the fault of the officer").

prevent a 'general, exploratory rummaging.'" United States v. Oloyede, 982 F.2d 133, 138 (4th Cir. 1992) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)).

In this case, the Magistrate Judge correctly concluded that there was sufficient probable cause to support a search warrant for property related to the crimes specified in the search warrant (possession of stolen property and possession of a stolen motor vehicle), but that there was insufficient probable cause to justify a search warrant for evidence of drugs or drug paraphernalia. [Doc. 55 at 12]. Therefore, the portion of the warrant regarding the seizure of property related to the possession, sale or manufacture of controlled substances should be severed as it is not supported by probable cause. See United States v. Cobb, 970 F.3d 319, 330 (4th Cir. 2020); United States v. Jacob, 657 F.2d 49, 52 (4th Cir.1981).

Here, the search warrant, as severed, lawfully authorized the agents to search the Defendant's home for evidence related to the crimes of possession of stolen property and possession of a stolen motor vehicle. Specifically, the search warrant authorized the seizure of "key(s) for a 2006 Ford F150" and "[i]tems or articles of personal property such as letters, bill, receipts, photographs, and vehicle registrations tending to show ownership, dominion, or control of the residence, premises, vehicle(s), and

9

Case 1:19-cr-00105-MR-WCM   Document 66   Filed 02/01/21   Page 9 of 11

outbuildings." [Doc. 35-1 at 11]. In order to locate these items, the officers were authorized to search any location in the house where such items could be stored, including any closets, cabinets, drawers, and other storage areas. It is well-established that, in the course of conducting an authorized search, officers may seize obvious evidence of other crimes, such as drugs or drug paraphernalia. See Coolidge, 403 U.S. at 466; United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012).

Here, there was probable cause for a search warrant authorizing the search and seizure of such items as a truck key, vehicle registrations, and receipts, all of which are extremely small objects. In the course of searching for such objects, the officers discovered and seized bags of methamphetamine, digital scales, glass smoking pipes with residue, and syringes. The officers were lawfully present when they discovered these items; they had a lawful right of access; and they immediately recognized the incriminating nature of those items. The seizure of those items was therefore lawful under the plain view doctrine. As such, this Court need not reach the question of whether the good faith exception applies to this case. The Defendant's objection to the Magistrate Judge's proposed legal conclusions regarding the suppression of the drugs and drug paraphernalia discovered in the Defendant's house, therefore, is overruled.

10

## VI. CONCLUSION

Based upon the Court's *de novo* review of this matter, and for the reasons stated herein, the Court determines that Magistrate Judge Metcalf's proposed findings and conclusions, as modified, should be accepted. The Defendant's motions to suppress, therefore, are denied.

## O R D E R

**IT IS, THEREFORE, ORDERED**, the Defendant's Objections to the Recommendation [Doc. 57] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 55] is **ACCEPTED as modified**.

**IT IS FURTHER ORDERED** that the Defendant's Motions to Suppress [Docs. 30 and 31] are **DENIED**.

**IT IS SO ORDERED**.

Signed: February 1, 2021

Martin Reidinger
Chief United States District Judge