**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00105-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| ) | |
| **WARREN ROSSLYN NEWELL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Sever

Counts and Memorandum in Support. [Doc. 48].

## I.    PROCEDURAL HISTORY

On October 1, 2019, the Defendant was charged with two counts of

Possession of Methamphetamine, a Controlled Substance, with the Intent to

Distribute, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. Count One charges

the Defendant with possession of methamphetamine with the intent to

distribute on August 23, 2018. [Id. at 1]. Count Two charges the Defendant

with possession of methamphetamine with the intent to distribute on July 24,

2019. [Id. at 1–2]. On October 6, 2020, the Government filed a Superseding

Bill of Indictment adding a third count alleging that the Defendant knowingly

and intentionally possessed methamphetamine with the intent to distribute on July 24, 2019, "at a location separate and distinct from that charged in Count Two." [Doc. 45 at 2].

On October 14, 2020, the Defendant filed the present Motion, seeking to sever for trial each count of the Superseding Bill of Indictment. [Doc. 48].

## II.  LEGAL STANDARD

Rule 8 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Court may order separate trials of the charged offenses, however, if the joinder of such offenses "appears to prejudice" a party. Fed. R. Crim. P. 14(a).

The Fourth Circuit has recognized that "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012). The Court "should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or

2

innocence." <u>United States v. Cardwell</u>, 433 F.3d 378, 387 (4th Cir. 2005). (quoting <u>Zafiro v. United States</u>, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993). Accordingly, a defendant seeking severance must make "a strong showing of prejudice" resulting from the joinder of the offenses. <u>United States v. Branch</u>, 537 F.3d 328, 341 (4th Cir. 2008) (quoting <u>United States v. Goldman</u>, 750 F.2d 1221, 1225 (4th Cir. 1984)); <u>Cardwell</u>, 433 F.3d at 388. "The fact that a separate trial might offer a better chance of acquittal is not a sufficient ground for severance." <u>Goldman</u>, 750 F.2d at 1225.

## III. DISCUSSION

In the present case, the Defendant is charged with three counts of possessing methamphetamine with the intent to distribute it on three separate occasions. The charged counts are all of a similar character such that joinder of these offenses is appropriate under Rule 8(a). <u>United States v. Ketter</u>, 456 F. App'x 293, 295 (4th Cir. 2011) ("Joinder of multiple charges involving the same statute is 'unremarkable.'") (citing <u>United States v. Hawkins</u>, 589 F.3d 694, 700–01 (4th Cir. 2009); <u>United States v. Acker</u>, 52 F.3d 509, 514 (4th Cir. 1995)).[1]

---

[1] The Defendant does not concede that joiner was proper but does not contest joinder in this motion to sever. [Doc. 48 at 2].

3

In arguing for severance, the Defendant contends that there is a risk of undue prejudice because the evidence of possession in each count would not be admissible against him on another count and the jury may be inclined to convict on one count based on evidence pertaining to the other, unrelated counts of possession. [Doc. 48 at 3]. Specifically, the Defendant states that the "[m]ost significant" risk of prejudice stems from "an alleged statement by Mr. Newell in the 2018 case which describes his involvement in distribution of methamphetamine not related to the actual drugs found" which he asserts would not be admissible in the "2019 cases." [Id.].

These risks, however, are diminished by the fact that the Court can provide a limiting instruction, where necessary, admonishing the jury that they must consider each count, and the evidence pertaining to that count, separately. See Zafiro, 506 U.S. at 539, 113 S. Ct. at 938 (noting that "less drastic measures" than severance, such a limiting instruction, "often will suffice to cure any risk of prejudice"). Courts routinely instruct juries that they must consider each count and the evidence related to it separately, and they are presumed to follow those instructions. Cardwell, 433 F.3d at 388 (finding the district court correctly instructed the jury that a separate crime was charged in each count of the indictment and each count as well as the evidence pertaining to it should be considered separately). Moreover,

4

evidence of the Defendant's earlier possession could be admissible and probative of the Defendant's knowledge regarding the possession of methamphetamine in the later instances. See United States v. Branch, 537 F.3d 328, 341–42 (4th Cir. 2008) (holding that evidence of prior drug crime and multiple counts of a drug crime are admissible under Fed. R. Evid. 404(b) and the defendant was not prejudiced by the joinder or by admission of prior drug crimes).

For these reasons, the Court concludes that the Defendant has not shown that "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Cardwell, 433 F.3d at 387.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Sever [Doc. 48] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 1, 2021

Martin Reidinger
Chief United States District Judge