IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00105-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WARREN ROSSLYN NEWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Set Trial [Doc. 70].

On October 1, 2019, the Defendant was charged in a Bill of Indictment with two counts of knowingly and intentionally possessing a mixture and substance containing a detectable amount of methamphetamine, with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. The Defendant made an initial appearance on October 7, 2019, at which time counsel was appointed. On October 18, 2019, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case for the November 4, 2019 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the January 6, 2020 trial term. Upon motion of the Defendant, the Court continued this matter on two occasions. [Docs. 13, 15]. On April 3,

2020, pursuant to the COVID-19 Administrative Order Regarding Criminal Jury Trials and Other Matters [Miscellaneous Case No. 3:20-mc-00048-FDW, Doc. 4], the Court continued the case to the June 29, 2020 trial term.

On June 10, 2020, the Court denied, without prejudice, the Defendant's motion for a continuance of the trial. [Doc. 23]. On June 22, 2020, the Defendant, while still represented by counsel and without formally waiving his right to counsel, filed a document *pro se* entitled "Motion to [sic] Continuance." [Doc. 24]. Shortly thereafter, the Defendant's counsel at that time filed a motion to withdraw as attorney. [Doc. 25]. On June 24, 2020, the Magistrate Judge held a hearing on the motion to withdraw, at which time the Magistrate Judge granted the motion to withdraw and directed the Federal Defenders Office to assign new counsel for Defendant. [See Doc. 28; Text-Only Order entered June 24, 2020]. On June 26, 2020, the Court continued the case to the August 31, 2020 trial term. [Doc. 29].

On July 25, 2020, the Defendant, through newly assigned counsel, filed multiple motions to suppress evidence and a motion to sever each count in the Bill of Indictment. [Docs. 30, 31, 32, 33]. On August 14, 2020, the Government filed its response to the Defendant's motions. [Docs. 35, 36, 37]. On August 18, 2020, the Court continued the case to the November 2, 2020 trial term. [Doc. 38]. On August 25, 2020, the Court denied without

prejudice the Defendant's motion to sever due to the Government's representation of intent to supersede the Bill of Indictment. [See Text-Only Order entered August 25, 2020].

On October 6, 2020, the Defendant was charged in a Superseding Bill of Indictment with one count of knowingly and intentionally possessing a mixture and substance containing a detectable amount of methamphetamine, with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1); and one count of knowingly and intentionally possessing a mixture and substance containing a detectable amount of methamphetamine, with intent to distribute, and said possession occurring at a location separate and distinct from that charged in Count Two, all in violation of 21 U.S.C. § 841(a)(1). [Doc. 45]. That same day, the Magistrate Judge granted the parties' joint motion to continue the suppression hearing and calendared the suppression hearing to October 26, 2020. [See Doc. 44; Text-Only Order entered on October 6, 2020]. On October 9, 2020, Defendant's arraignment was held on the Superseding Bill of Indictment. On October 15, 2020, the Defendant filed a Motion to Sever Counts pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. [Doc. 48]. On October 20, 2020, the Court continued the case to the January 4, 2021 trial term. [Doc. 49].

On November 6, 2020, the Magistrate Judge concluded the hearing on the Defendant's multiple motions to suppress and took the matter under advisement. On November 12, 2020, the Magistrate Judge entered his Memoranda and Recommendations denying the multiple motions to suppress. [Docs. 55, 56]. On November 30, 2020, the Defendant filed his objections to the Magistrate Judge's Memoranda and Recommendations and the Government filed its response thereto on December 11, 2020. [Docs. 57, 58, 59]. On December 21, 2020, the Court continued this matter to its current setting during the March 1, 2021 trial term. [Doc. 64]. On February 1, 2021, the Court overruled the Defendant's objections to the Magistrate Judge's Memoranda and Recommendations and denied the Defendant's motions to suppress and motion to sever. [Docs. 66, 67, 68].

The Defendant now seeks a brief continuance of the trial date to a setting during the week of March 22, 2021. [Doc. 70]. As grounds, counsel states that the Defendant has been in quarantine for approximately fourteen days and counsel has been unable to meet with him, resulting in the preparation for the Defendant's trial being set back at least two weeks. Counsel also states that at this time the Defendant remains in quarantine and the inability to communicate with the Defendant is hindering counsel's ability to effectively prepare for trial. As such, to account for the delay in being

4

able to effectively prepare for trial due to the Defendant's quarantine, counsel is requesting the latest possible trial date for the March 2021 trial term. Counsel further represents that he contacted the Government regarding its position on the motion and has not received a response. [Doc. 70].

The Court finds that this case should be continued to a setting for the week of March 22, 2021. As noted above, the Defendant states that more time is needed to effectively prepare for trial as a result of delays caused by the Defendant's quarantine. If the requested continuance was not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Motion to Set Trial [Doc. 70] is **GRANTED**, and the above-captioned case is hereby **CONTINUED** to the week of March 22, 2021 during the trial term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: February 22, 2021

Martin Reidinger
Chief United States District Judge