IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 105

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN ROSSLYN NEWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a pro se Motion filed by Defendant (Doc. 65). The Motion was denied by text order on March 3, 2021, so that the parties would have notice of the disposition of the Motion as soon as possible, in light of Defendant's upcoming trial. This Order provides additional details regarding the basis of that ruling.

I.     Relevant Procedural Background

On October 1, 2019, a Bill of Indictment was filed charging Defendant with violations of 21 U.S.C. § 841(a)(1).

Defendant made his initial appearance on October 7, 2019 at which time he requested the appointment of counsel. His request was allowed and attorney Ted Besen was appointed to represent Defendant.

On October 18, 2019, Defendant was arraigned. He pled not guilty and consented to detention.

On May 20, 2020, Mr. Besen filed a Motion to Withdraw (Doc. 16) and on May 26, 2020, Defendant filed a pro se motion to appoint new counsel (Doc. 19). A hearing was conducted on the Motion to Withdraw on May 27, 2020.

By Order entered on June 2, 2020, the undersigned denied both motions. (Doc. 20).

On June 22, 2020, Mr. Besen filed a Second Motion to Withdraw. (Doc. 25). A hearing was held on June 24, 2020. The motion was allowed by text order on June 24 and a written Order explaining the ruling was entered on June 26. That same day (June 26), Mr. Foster was assigned to represent Defendant.

By Order of the presiding District Judge, entered on December 21, 2020, Defendant's trial was set for the March 1, 2021 term. (Doc. 64).

On January 22, 2021, Defendant filed the instant Motion. A hearing was scheduled for February 1, 2021 and then rescheduled for February 5, 2021. However, the Court was subsequently advised that Defendant was unavailable due to medical reasons and therefore the hearing was cancelled for February 5 to be rescheduled at a later date and defense counsel was directed to advise the Clerk promptly once Defendant was available to proceed.

By Order entered on February 22, 2021, the presiding District Judge granted a separate motion by Defendant and scheduled his trial for March 22, 2021. (Doc. 72).

On March 1, 2021, the undersigned conducted a status conference with counsel for the parties. As little additional information was available with regard to Defendant's status, and in an effort to move the matter forward in light of Defendant's pending trial, the undersigned set a hearing on Defendant's Motion for March 3, 2021. No objection or continuance request was filed and the hearing took place as noticed. Assistant United States Attorney Richard Edwards appeared for the Government. Mr. Foster appeared with Defendant.

## II. The Hearing

The Court called the case and noted that Defendant's Motion was being considered pursuant to Local Criminal Rule 47.1 (g). The Court also advised that it read the Motion to say that Defendant wished to present information in a sealed proceeding and outside of the Government's presence. The Government did not object to the Court receiving such information, provided that if Defendant was contending that the Government had acted improperly, the Government would request an opportunity to respond to such an allegation.

Thereafter, the courtroom and the record were sealed. The undersigned then heard further from Defendant and Mr. Foster, after which the courtroom

3

was reopened and the record was unsealed.[1] The Government took no position with regard to the Motion, except again to note that if Defendant was making any accusations against the Government, then the Government would wish to respond.

### III. Discussion

During the closed proceeding, the Court reiterated that Defendant was entitled to representation throughout his case and, in that regard, that he could retain counsel, represent himself, or be represented by appointed counsel if he could not afford to retain an attorney.

Defendant indicated that he wished to continue to be represented by counsel and advised that he was not asking for new counsel to be appointed. Defendant did, however, highlight multiple topics regarding the strategic handling of his case about which he and Mr. Foster disagree. Those specific issues are described in the record of the sealed proceeding and are not disclosed here. Further, while Defendant stated that he wished to continue to be represented by Mr. Foster, he asked the Court to authorize him (Defendant) to pursue various strategies Defendant believes should be employed and that Mr. Foster has declined to follow.

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

Though Defendant of course may contest the Government's evidence at trial, it does not appear that Defendant is alleging the Government has acted improperly for purposes of the Motion. Further, as noted, Defendant is not requesting a change of counsel; he has advised that he wishes to continue to be represented, and for Mr. Foster's representation of him to continue.

Rather, the Motion stems from disagreements between Defendant and Mr. Foster regarding the appropriate strategy for mounting a defense to the charges Defendant is facing.[2] To address this issue, Defendant proposes that he be authorized to pursue the defense strategies that he believes are appropriate while at the same time being represented by Mr. Foster generally.

No authorities that would allow for such an arrangement have been presented. See 18 U.S.C.A. § 3006A ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings."); accord United States v. Ammons, 419 F. App'x 550, 552–53 (6th Cir. 2011) ("A defendant is not entitled to new counsel and the delay that comes with it every time he disagrees with counsel's strategic judgment.").

---

[2] Defendant had similar disputes with his prior counsel, Mr. Besen.

In short, Defendant has requested representation, counsel has been appointed for him, and he has advised that he wishes for Mr. Foster's representation to continue. Mr. Foster, likewise, states that he is willing to continue to represent Defendant.

Under these circumstances, the undersigned sees no basis for allowing the Motion.[3]

Accordingly, the motion is **DENIED**.

It is so ordered.

Signed: March 5, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[3] During the hearing, Mr. Foster requested that if the Court were inclined to direct him to take any action with regard to Defendant's proposed strategies that he be given time to research that issue. Defendant has not made such a request and the undersigned otherwise expressly declines to direct Mr. Foster's representation of Defendant.