# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00105-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| WARREN ROSSLYN NEWELL, | ) |
| Defendant. | ) |

## ORDER GRANTING GOVERNMENT'S
## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court on the Government's motion [Doc. 121] for a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b) concerning the following asset:

- Approximately $31,223.00 in United States currency.

Under 21 U.S.C. § 853(a), in sentencing an individual convicted of a felony violation of the Controlled Substances Act, "[t]he court . . . shall order . . . that the person forfeit to the United States all property" "constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."  Also subject to forfeiture is "any of the person's

property used or intended to be used in any manner to commit and to facilitate the commission of" the violation.  Id.

The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a finding of a nexus, i.e., a connection between the property sought to be forfeited and the violation at issue.  Fed. R. Crim. P. 32.2(b)(1)(A).  The burden is on the Government to establish by a preponderance of the evidence that the property at issue is subject to forfeiture.  See United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003).

A nexus exists as to the forfeiture of drug proceeds if the defendant would not have received the proceeds "but for" his involvement in the crime. See United States v. Farkas, 474 F. App'x 349, 359-60 (4th Cir. 2012).  With regard to property that facilitates, is intended to facilitate, or is involved in a crime, nexus is met where there is a "substantial connection" between the property and the crime.  See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010).  A substantial connection is satisfied by showing that the use of the property made "the crime less difficult or more or less free from obstruction or hindrance."  Id. (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)).  The nexus finding may be based on evidence already in the record, including the written plea agreement, and any

additional evidence or information submitted by the parties and accepted by the court. Fed. R. Crim. P. 32.2(b)(1)(B).

After review, the Court finds that the Government has established by a preponderance of the evidence that the United States currency enumerated above is subject to forfeiture. As part of his plea agreement, Defendant Newell agreed to forfeit all assets listed in the charging document. The United States currency at issue was identified in the Superseding Indictment. Defendant Newell is bound by the terms of his plea agreement. See United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) (noting that a plea agreement should be interpreted "in conformity with principles of general contract law" and that courts apply "the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain"); see also United States v. Masilotti, 965 F. Supp. 2d 1380, 1385 (S.D. Fla. 2013) ("A party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain").

Additionally, the record supports the finding that the United States currency facilitated Defendant Newell's offense of conviction, and that the United States currency constitutes drug proceeds. Law enforcement recovered the United States currency from Defendant Newell's person

during his arrest and subsequently found illegal narcotics, a hypodermic needle, and a digital scale in a bag belonging to Defendant Newell.

For the foregoing reasons, the Court grants the Government's motion for a preliminary order of forfeiture.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED**:

1. That the Government's Motion for Preliminary Order of Forfeiture [Doc. 121] is **GRANTED**, and in accordance with 21 U.S.C. § 853(a), the Defendant Warren Rosslyn Newell shall forfeit the following assets to the United States:

   - Approximately $31,223.00 in United States currency.

2. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

3. Any person, other than Defendant Newell, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of

actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property,

5

Case 1:19-cr-00105-MR-WCM   Document 123   Filed 07/19/21   Page 5 of 6

including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no third party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Signed: July 19, 2021

Martin Reidinger
Chief United States District Judge